
UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:                                          Case No. 18-03279-FPC13

RAUL LOPEZ,                          **MEMORANDUM DECISION
                                                  REGARDING STAY MOTION**

                    Debtor.

Wells Fargo Bank, N.A. ("Wells Fargo") requested relief from the Bankruptcy

Code's automatic stay or an order confirming the stay does not apply so it may evict

Raul Lopez from his home [ECF No. 9]. Wells Fargo, seeking to record a trustee's

deed to complete a pre-petition trustee's sale, argues Mr. Lopez no longer had a

legal or equitable interest in the property at the time he filed his chapter 13

bankruptcy petition. Mr. Lopez objected to Wells Fargo's motion, asserting he still

owns his home because the steps required to complete the sale under Washington's

Deeds of Trust Act were not performed before he filed his petition.

MEMORANDUM DECISION ~ Page 1

At the hearing on the motion, Wells Fargo, perceiving a conflict in the case law regarding the impact of a post-sale bankruptcy filing, asked to bifurcate its request to confirm the stay does not apply from its request to lift the stay for cause.[1] The court grants the request to bifurcate, and therefore this opinion addresses only whether the transfer of property was complete—and thus whether the automatic stay was in effect as to Wells Fargo—before Mr. Lopez filed his petition.

## FACTS

Mr. Lopez signed a deed of trust to his home to secure a loan made by Wells Fargo. Mr. Lopez defaulted on the loan, and Wells Fargo instructed the trustee for the deed of trust to commence a non-judicial foreclosure under Washington's Deeds of Trust Act.[2] On November 30, 2018, at 10:20 a.m., the trustee held a trustee's sale of the home. Wells Fargo was the highest bidder. Later that same day, at 2:21 p.m., Mr. Lopez filed a chapter 13 bankruptcy petition before the trustee could deliver a trustee's deed.[3]

On December 10, 2018, prior to delivering or recording the trustee's deed,

---

[1] A final hearing on the motion for relief from stay has been scheduled. However, Wells Fargo indicated it may not continue to seek relief from stay for cause if this court concludes the transfer of the property was not completed and if, prior to the final hearing, Mr. Lopez can confirm a chapter 13 plan that provides for full payment to Wells Fargo.

[2] Wash. Rev. Code ("RCW") § 61.24.

[3] At a status conference, counsel for Wells Fargo acknowledged the trustee's deed was not delivered prior to Mr. Lopez filing his bankruptcy petition [ECF No. 46].

MEMORANDUM DECISION ~ Page 2

Wells Fargo moved for relief from stay or for an order confirming no stay was in effect. Wells Fargo's arguments on its motion and at the January 24, 2019 hearing were based on the allegation that Mr. Lopez had no right to continued occupancy of his home following completion of the trustee's sale.

## ISSUE

Does a debtor retain an interest in real property if the debtor files a bankruptcy petition after a trustee conducts a foreclosure sale but prior to the trustee delivering a deed to the purchaser?

## DISCUSSION

Resolving this issue requires analyzing the interplay between two Washington statutes. RCW 64.04.010 directs that "[e]very conveyance of real estate, or any interest therein . . . shall be by deed." RCW 61.24.050(1) provides:

> Upon physical delivery of the trustee's deed to the purchaser, . . . the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey at the time of the execution of the deed of trust. . . . [I]f the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter. After a trustee's sale, no person shall have any right, by statute or otherwise, to redeem the property sold at the trustee's sale.

In arguing that a debtor such as Mr. Lopez cannot file for bankruptcy post-sale and expect the property to be a part of the bankruptcy estate, Wells Fargo ignores the first sentence of RCW 61.24.050(1), instead relying on the

MEMORANDUM DECISION ~ Page 3

final two sentences in isolation. Wells Fargo's argument overlooks the proviso in the first sentence of RCW 61.24.050(1): a conveyance occurs "[u]pon physical delivery of the trustee's deed to the purchaser." Moreover, RCW 64.04.010 also requires a deed to convey real property. Thus, under Washington law, the general rule is a transfer of an interest in real property cannot occur absent delivery of a deed.

The last two sentences of RCW 61.24.050(1) merely provide a trustee's sale is final as of the date and time of acceptance of a bid only if the trustee's deed is recorded within fifteen days. The relation back to date of sale clause is premised upon delivery of the deed. In other words, if the trustee's deed is not physically delivered, there was no conveyance of the real property under Washington law.

Here, there was no delivery of the trustee's deed prior to the filing of the bankruptcy petition, meaning there was no pre-petition conveyance of the property. As such, Mr. Lopez still had an interest in his home at the time he filed his bankruptcy petition. The Bankruptcy Code, in 11 U.S.C. § 362(a), provides the automatic stay is in effect if the debtor still has an interest in the property.[4] This interpretation of the Deeds of Trust Act is supported by this

---

[4] If a sale has been completed by both delivery and recording of the trustee's deed before a debtor files a bankruptcy petition, then a debtor has no interest in the property and no automatic stay would apply to that property.

MEMORANDUM DECISION ~ Page 4

court's decision in *In re Betchan*, 524 B.R. 830 (Bankr. E.D. Wash. 2015) (debtor retained interest in her home because the deed was not properly conveyed as required by RCW 64.04.010 and RCW 61.24.050(1)), and the Washington Supreme Court's directive in *Klem v. Washington Mutual Bank*, 176 Wn.2d 771, 789 (2013), to construe the Deeds of Trust Act in favor of the borrower.

Relying on *Udall v. T.D. Escrow Services, Inc.*, 159 Wn.2d 903 (2013), and *In re Nelson*, 2017 WL 745595 (Bankr. W.D. Wash. 2017), Wells Fargo asserts this interpretation of the Deeds of Trust Act conflicts with Washington case law. But *Udall* and *Nelson* are factually different and address different issues than the case at bar. Moreover, both cases actually support this court's reading of RCW 61.24.050(1).

The litigation in *Udall*, a non-bankruptcy case, commenced in 2004 as a result of the trustee's refusal to issue a deed after learning the accepted bid was less than authorized by U.S. Bancorp, the beneficiary of the deed of trust. The Washington Supreme Court delineated the trustee's duties regarding delivery of a deed after a trustee's sale; the court did not address when a trustee's sale is final. The court held the trustee must deliver the trustee's deed to the purchaser following the sale absent a procedural irregularity, such as

bankruptcy, that voids the sale.[5] *Udall*, 159 Wn.2d at 911. In discussing the trustee's duties, the *Udall* court stated "the trustee sells the property at auction, the purchaser pays the price bid, and the trustee executes the deed to the purchaser *at which time* 'all of the right, title, and interest' in the property is conveyed." *Id*. (quoting RCW 61.24.050(1)) (emphasis in original). This statement supports the interpretation that there must be execution, including delivery as required by RCW 61.24.050, of the trustee's deed before the property is conveyed.

In *Nelson*, the ultimate issue before the bankruptcy court was whether to grant relief from stay for cause, not whether the stay was in effect when the debtor filed for bankruptcy post-sale. There, while it was unclear whether the automatic stay was in place at the time of delivery of the trustee's deed, acknowledgement of the trustee's deed took place while the stay was in place and the recording of the trustee's deed took place after the case was dismissed. But, unlike here, the trustee's deed was delivered. Notably, the *Nelson* court stated delivery, if done while the bankruptcy case was pending, would violate the automatic stay and therefore such delivery would be void. Again, this

---

[5] After the *Udall* decision, the legislature amended Washington's Deeds of Trust Act so that the problem that spawned the *Udall* litigation would not recur. *See* Laws of 2012, ch. 185, § 14. Specifically, the legislature added a provision that provides trustees and beneficiaries with eleven days after the sale to declare the sale void in the event of an erroneous opening bid. RCW 61.24.050(2)(a)(i).

MEMORANDUM DECISION ~ Page 6

supports the holding that the trustee's sale is not complete until delivery of the trustee's deed.

## CONCLUSION

Since the foreclosure trustee did not deliver a trustee's deed prior to Mr. Lopez filing his bankruptcy petition, Mr. Lopez retains an interest in his home, and Wells Fargo's motion for an order confirming the stay is not in effect is **DENIED** [ECF No. 9]. However, even though the stay is in effect, Wells Fargo and other similarly situated creditors retain the right to promptly seek relief from stay for cause.

/// END OF MEMORANDUM DECISION///

MEMORANDUM DECISION ~ Page 7